# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

GENARO JIMENEZ-MARTINEZ, :
:
    Petitioner, :
:
v. : No. 4:18-CV-49
:
WARDEN CRAIG LOWE, : (Judge Brann)
:
    Respondent. :

## MEMORANDUM OPINION

### OCTOBER 31, 2018

**I.    BACKGROUND**

Genaro Jimenez-Martinez filed this petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while detained by the Department of Homeland Security, Immigration and Customs Enforcement ("ICE") at the Pike County Prison, Lords Valley, Pennsylvania. Named as Respondent is Warden Claire Doll of the Pike County Prison. Service of the petition was previously ordered.

Petitioner's pending § 2241 petition challenged his indefinite detention pending completion of his removal proceedings under the standards announced in *Chavez-Alvarez v. Warden York Cty. Prison*, 783 F.3d 469, 477 (3d Cir. 2015) and related cases.

Jimenez-Martinez states that he is a native and citizen of Mexico who entered the United States at an unknown location on or about 2000 "without admission or parole by an immigration officer." Doc. 1, p. 2. Petitioner was arrested on March 17, 2016. He was subsequently convicted of being an alien unlawfully present in the United States in possession of a firearm and ammunition on January 24, 2017 in the United States District Court for the District of Massachusetts.

After completing his resulting prison term, Petitioner was taken into ICE custody on August 15, 2017. *See* Doc. 1, ¶ 11. An immigration judge ordered Petitioner's removal on March 6, 2018. *See* Doc. 6, p. 8. When Respondent filed a response to this federal habeas corpus action, Jimenez-Martinez had an appeal of the adverse removal decision pending before the Board of Immigration Appeals (BIA).

## II. DISCUSSION

On October 29, 2018, Respondent filed a "Suggestion of Mootness." Doc. 12, p. 1. The notice states that Petitioner's BIA appeal was dismissed and that Petitioner was removed from the United States on September 10, 2018. *See id.* at p. 2. Accompanying Respondent's submission is a declaration under penalty of perjury by Supervisory Detention and Deportation Officer Phillip Morgan who confirms that Petitioner has been removed from this country. *See* Doc. 12-1.

Accordingly, Respondent contends that since Jimenez-Martinez has been removed, dismissal on the basis of mootness is appropriate.

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings.  Parties must continue to have a "'personal stake in the outcome' of the lawsuit." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477-78 (1990); *Preiser v. Newkirk*, 422 U.S. 395, 401 (1975).  In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant.  *Lewis*, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the <u>continuing</u> existence of a live and acute controversy." *Steffel v. Thompson*, 415 U.S. 452, 459 (1974) (emphasis in original).  "The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Id.* at n.10 (citations omitted).  "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." *Rosenberg v. Meese*, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1974)); *see also Gaeta v. Gerlinski*, Civil No. 3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

As relief, Jimenez-Martinez sought his immediate release from ICE detention or in the alternative a bond hearing.  *See* Doc. 1, p. 6.  Officer Morgan's declaration sufficiently establishes that Petitioner was removed from the United States on September 10, 2018.  Since Petitioner is no longer being detained by ICE, under the principles set forth in *Steffel*, Jimenez-Martinez's instant petition is subject to dismissal as moot since it no longer presents an existing case or controversy.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
United States District Judge